IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 08-254 |
| GERALD TILLMAN | ) | |
| | ) | |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                April 28, 2009

Defendant, Gerald Tillman, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. [Doc. No. 1].

On February 5, 2009, defendant filed a Motion for Leave of Court to Review Cooperating Witnesses' Pre-Sentence Investigation Reports. [Doc. No. 41]. Specifically, defendant requested that this court disclose the contents of three pre-sentence investigation reports compiled by the United States Probation and Pretrial Services Offices in the Western District of Pennsylvania and in the Southern District of New York. Defendant explained that these pre-sentence investigation reports relate to two witnesses that the government plans to call to testify against him in this action. One witness is the subject of two criminal actions in the Western District of Pennsylvania for conspiracy to distribute heroin and for a felon in possession charge. The other witness is the subject of a criminal action in the Southern

District of New York also for conspiracy to distribute heroin.

Defendant asserted that there may be material information in the pre-sentence investigation reports that must be disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963). He anticipates using this information to impeach the government witnesses. He stated that under Local Criminal Rule 32.1, "this court may properly authorize disclosure of certain contents of the report by first determining which portions qualify as impeachment material and then conducting an in camera review to assess which portions, consistent with that initial determination, are producible for disclosure before trial." [Doc. No. 41].

For the reasons that follow, the court denied defendant's motion to review the pre-sentence investigation reports. [Doc. No. 41].

Pre-sentence investigation reports are court documents assembled by the United States Probation and Pretrial Services Office. Fed.R.Civ.P. 32(c). They include a calculation of the defendant's guidelines range, any prior criminal record, a summary of the defendant's financial condition, any circumstances affecting the defendant's behavior, and other information relevant to the factors under 18 U.S.C. § 3553(a). Fed.R.Civ.P. 32(d). Accordingly, they are presumed to be confidential. Local Criminal Rule 32.1(I); United States v. Cianscewski, 894 F.2d 74, 79 n.17 (3d Cir. 1990).

The Supreme Court has recognized that "courts have been very reluctant to give third parties access to the presentence investigation report prepared for some other individual or individuals" unless there is "some showing of special need." United States Dep't of Justice v. Julian, 486 U.S. 1, 12 (1988)(citing United States v. Charmer Indus., Inc., 711 F.2d 1164, 1174-76 (2d Cir. 1983)). Pre-sentence investigation reports must be safeguarded by courts because of "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and "the need to protect the confidentiality of the information contained in the report." Id.

Here, defendant failed to: (1) identify any specific information in the pre-sentence investigation reports that is material to the case pending before us, and (2) identify why he has any special need for this information. Rather than identifying specific Brady material in the pre-sentence investigation reports, defendant instead asserted that the following categories of information may be material for impeachment purposes and may be found in the pre-sentence investigation reports: rap sheets, instances of prior misconduct, role in the offense, drug and alcohol abuse, mental health history, and history of court intervention.

Despite defendant's arguments to the contrary, these

categorical requests for impeachment material do not indicate any special need for a review of the pre-sentence investigation reports relative to defendant's case. Defendant instead merely requested that the court engage in a common "fishing expedition" for impeachment material. See United States v. Trevino, 89 F.3d 187, 192 (4th Cir. 1996) (holding that the court is under no duty to review and disclose the pre-sentence investigation report of a government witness unless "the accused has first clearly specified the information contained in the report that he expects will reveal exculpatory or impeachment evidence").

Because of the need to retain the highly confidential nature of pre-sentence investigation reports, we will not review and release the pre-sentence investigation reports at issue here based solely on defendant's speculation that they may contain impeachment material.

Hence, for the foregoing reasons, defendant Tillman's Motion for Leave of Court to Review Cooperating Witnesses' Pre-Sentence Investigation Reports [doc. No. 41] was DENIED.

BY THE COURT:

_____, J.

cc: All counsel of record

4