IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)   Criminal No. 08-254<br>GERALD TILLMAN,              )<br>    Defendant              )<br>                             ) | |

MEMORANDUM AND ORDER

Gary L. Lancaster,
Chief Judge.                                   October 20, 2009

Defendant, Gerald Tillman, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.  [Doc. No. 1].

The government has filed a Motion to Quash subpoenas. [Doc. No. 94].  A hearing on the motion was held on October 13, 2009. Specifically, the government asks the court to quash three subpoenas sent by Tillman's attorney to: 1) Michael Handwerker, attorney of Elijah Rhodes, a government witness in this case; 2) the Metropolitan Correctional Center ("MCC") in New York City; and 3) the McKees Rocks Police department.[1]  From Mr. Handwerker, Tillman has requested all file notes regarding his client, Mr. Rhodes. From McAleer, Tillman asks for all records relating to the

---

[1] Tillman also sent a subpoena to Gerald McAleer, a DEA special agent in Newark, New Jersey. However, at the hearing, Tillman's attorney notified the court that he did not intend to pursue that subpoena.

DEA's investigation and arrest of Rhodes in New Jersey and New York. From the MCC, Tillman requested all telephone calls made by Rhodes while a prisoner there, as well as a history of Rhodes' commissary deposits. And finally, Tillman subpoenaed the McKees Rocks Police Department for all records and reports regarding the investigation and arrest of Derrick Estes, another government witness, from cases in 1997 and 1998.

The issuance of a subpoena in a criminal action is governed by Rule 17 of the Federal Rules of Criminal Procedure. The Court of Appeals for the Third Circuit has held that under Rule 17(c), "only materials that are 'admissible as evidence' are subject to subpoena." United States v. Cuthbertson, 651 F.2d 189, 192 (3d Cir. 1981) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951)). Impeachment material, which is not admissible for any evidentiary purpose prior to trial, is not subject to subpoena under Rule 17 until after testimony at trial. Cuthbertson, 651 F.2d at 195 ("naked exculpatory material held by third parties that does not rise to the dignity of admissible evidence simply is not within the rule").

Here, it is clear that defendant seeks these recordings and information for the sole purpose of impeaching the testimony of Rhodes and Estes. This information, therefore, is not evidentiary. Accordingly, it is not subject to pre-trial disclosure under Rule 17(c). See United States v. Merlino, No. 99-0363, 2001 WL 283165,

2

at *6-7 (E.D. Pa. Mar. 19, 2001). Rule 17(c) is not designed to be used as a broad discovery tool. Instead, the requesting party must show, inter alia, "that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Cuthbertson, 630 F.2d 139, 145 (3d Cir. 1980) (quoting United States v. Nixon, 418 U.S. 683, 699-700 (1974)).

In addition, Tillman's requests are speculative and extremely broad. For example, Tillman has no actual knowledge regarding whether the Bureau of Prisons has any recorded telephone conversations of Mr. Rhodes. Tillman also does not know if Mr. Rhodes ever discussed his plea agreement with anyone other than his attorney, and, if these conversations took place on the telephone. As for the history of Rhodes' commissary deposits at the MCC, including one for $1200 from Rhodes' attorney Mr. Handwerker, Tillman could only speculate as to the reasons behind such deposits. Furthermore, any notes or files of Mr. Handwerker related to Mr. Rhodes are subject to attorney-client privilege and attorney work product protection. We hold that these broad and speculative requests are not reasonably targeted toward the receipt of material admissible evidence.

Hence, for the foregoing reasons, government's Motion to quash subpoenas [Doc. No. 94] is granted.

An appropriate order follows.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 08-254 |
| GERALD TILLMAN, | ) |
| Defendant | ) |
| | ) |

ORDER

AND NOW, this 20th day of October, 2009, IT IS HEREBY ORDERED THAT the government's motion to quash subpoenas [Doc. No. 94] is GRANTED.

BY THE COURT:

/s/ Gary L. Lancaster
Gary L. Lancaster
Chief Judge
United States District Court

cc:   All counsel of record