IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Criminal No. 08-254 |
| GERALD TILLMAN | ) | |
| | ) | |

MEMORANDUM ORDER

Gary L. Lancaster,
Chief Judge.                                                June 3, 2010

Before the court is counsel's petition for attorney's fees. We appointed counsel for defendant in the above-captioned case pursuant to the Criminal Justice Act (CJA), 18 U.S.C. §3006A [Doc. No. 11]. The CJA provides compensation for appointed counsel at the conclusion of counsel's representation for time expended in court and reasonably expended outside of court. See 18 U.S.C. §3006A(d)(1). The District Court has the authority and discretion to determine the appropriate compensation for counsel. Id. at (d)(5).

Congress has expressly limited the compensation available for appointed counsel in CJA cases involving felony charges. As of January 1, 2010, the case maximum is $9,700. See 18 U.S.C. §3006A(d)(2). In this case, counsel has already received an interim payment of $5,289.65 for services and expenses, and has submitted an additional claim for services and expenses in the amount of $21,675.11. Of that amount, $18,426.50 was for work done outside of court, $2953.00 was for in court work, and $295.61 was for "other expenses." Altogether, counsel has submitted a total

claimed compensation of $26,964.76. This is nearly triple the amount authorized by Congress. Moreover, upon counsel's request, the court authorized payment to a private investigator to aid counsel in this case and paid the investigator $6,200.68, which is well above the $1,600.00 authorized by Congress for such services. See CJA Guidelines §310.20.10.

The CJA provides that payment in excess of the $9,700.00 minimum may only be made for "extended or complex representation." 18 U.S.C. § 3006A(d)(3). An award of attorney's fees exceeding the maximum authorized by Congress is the exception, not the rule. See 18 U.S.C. §3006A(d)(2).

Extended representation is representation that "involves more time than what is required in the usual case." United States v. Holtz, 379 F. Supp. 2d 988, 991 (C.D. Ill. 2005) (citing United States v. Bailey, 581 F.2d 984, 989 (D.C.Cir. 1978)). The court does not find that extended representation occurred here.

Counsel began his representation in this case in July 2008 until February 2010. The length of his representation is attributable in some part, however, to various motion, including: 1) three motions counsel filed to extend time to file pre-trial motions, which the court granted, 2) one motion to extend time to file responses by the government, 3) a motion to continue trial filed by counsel and 4) the court's decision to sua sponte move the date of trial in light of the G-20 summit held in Pittsburgh from

September 24-25, 2009.

Nor was this a complex case. A case is complex under the CJA where the "legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case." United States v. Tray, 2009 WL 82228, *1 (W.D. Pa. Jan. 12, 2009) (citing Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Polices and Procedures, Sec. A. Ch. 2, Part C §2.22B(3)). Some courts have looked to other factors including voluminous evidence and complex defenses that require a greater than average amount of time or skill in preparing the defense. See Id. (citing United States v. Muhktaar, No. 06, Cr. 31, 2008 WL 2151798, *4 (S.D.N.Y. May 21, 2008)).

We do not find that this case was in any way complex. Neither the indictment, the docket entries, nor the pre-sentence report reveal any unusual or complex legal or factual issues. The indictment charged defendant with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §846. There were no issues in the case that questioned the validity of the indictment, attacked venue, or challenged the validity of the grand jury. Before trial, counsel filed the customary and routine motions, including, inter alia, a motion to produce pre-sentencing

3

investigation reports of cooperating witnesses, which the government voluntarily produced and a motion to compel production of search warrants. There were no issues challenging the probable cause for a warrant for search and seizure nor was wiretapping a factor in the case. The most significant pretrial issue related to a <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), traffic stop. The legal and factual issues surrounding that stop were not unusual or complex.

The trial, which took three-and-a-half days from jury selection to verdict, was neither complex nor extended. The government's substantive witnesses were two co-conspirators who testified against defendant for the government as cooperating witnesses. The government also called various police officers to testify. Counsel's strategy, which the court does not question, was to challenge the credibility of those witnesses. There were no chain of custody, entrapment or mental infirmity issues in the case. Defendant did not call any witnesses, nor did defendant testify on his own behalf.

On February 25, 2010, the court sentenced defendant to 144 months of incarceration and five years of supervised release, which was below the Sentencing Commission's recommended guideline range. There were no extraordinary factors or issues present in the pre-sentence report. Defendant has not appealed the conviction, sentence or any issue to the court of appeals. Therefore, the court finds that this was a typical drug conspiracy,

possession and distribution case.

We are mindful of the number of hours counsel asserts he spent on the case. Counsel's hours, however, are not the point of reference when assessing whether to waive the congressionally mandated maximum allowance of $9,700.00 for a CJA award. See Holtz, 379 F. Supp. 2d at 991. Instead, the focus is on the nature of the case itself and whether the facts and legal issues rendered the case extended or unusually complex. Neither was evident here.

In our February 18, 2009 order responding to counsel's interim request for attorneys' fees, which the court ultimately paid, the court reminded counsel of the CJA compensation limitation, which was $7,800 at the time of the order. We also referred counsel to our opinion in Tray, 2009 WL 82228, *1, wherein we set forth the standards for extended and complex representation that warrant the court paying above the CJA maximum. [Doc. No. 48]. A copy is attached as Appendix 1.

To be clear, the court does not question counsel's integrity, nor are we suggesting that he did not adequately and professionally represent his client's interests. The court recognizes that CJA panel attorneys perform a valuable public service. We are, however constrained to follow the maximum fee limit determined by Congress, and attorneys who accept CJA appointments must recognize its compensation limits.

In conclusion, we are obligated to apply the CJA

statutory maximum in this case in light of our finding that the case was neither extended nor unusually complex. Accordingly, IT IS HEREBY ORDERED that the total amount approved for CJA payment on counsel's claim for services and expenses in this case is $9,700.00, of which counsel has already received $5,289.65. Therefore, the court will award counsel additional fees of $4410.35.

Finally, in accordance with §230.36 of the CJA guidelines, counsel is afforded fourteen (14) days to address the matter in writing in the form of a motion for reconsideration.

BY THE COURT:

/s/ *signature*, C.J.